UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERTLING BULK SERVICES PTE, LTD.,<br><br>                   Plaintiff,<br><br>         -v-<br><br>COFCO INTERNATIONAL FREIGHT S.A.,<br>                   Defendant. | 22-CV-6350 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Bertling Bulk Services and Cofco International Freight are engaged in arbitration in London, United Kingdom, of claims and counterclaims relating to performance under a certain charter party. To securitize its counterclaims pending the outcome of those proceedings, Cofco International moves for countersecurity in the form of attachment of $473,163.00 running against Bertling Bulk. For the reasons that follow, the motion is granted.

## I.    Background

By terms of a charter party dated January 14, 2022 (the "Charter"), Plaintiff Bertling Bulk Services, PTE Ltd. ("Bertling Bulk") agreed to provide a vessel to Defendant Cofco International Freight S.A. ("Cofco") in order to transit bagged coffee from Vietnam to Belgium. (*See generally* ECF No. 1-1 ("Charter") at 3 – 13; *see also* ECF No. 18 ("Gutowski Decl.") ¶ 3.) The Charter was subject to English law and London arbitration. (Charter at 32, cl. 53.)

Bertling Bulk and Cofco lodged a series of claims related to the Charter transaction against one another. Bertling Bulk alleged a short loading of cargo, resulting ultimately in damages totaling $548,156.57 plus interests and costs. (ECF No. 1 ("Compl.") ¶ 14.) Cofco asserted claims of its own, contending that it was Bertling Bulk's failure to properly outfit the

vessel for the intended cargo (that is, the coffee bags) that caused the damages, and itself

claiming damages and demurrage totaling $260,903.63 plus interests and costs.  (Gutowski Decl.

¶ 7.)  All such claims and counterclaims related to the Charter have been submitted to arbitration

proceedings in London (the "London Arbitration").  (Gutowski Decl. ¶ 8.)

      To secure its claims, Bertling Bulk filed this action; it obtained an attachment under

Federal Supplemental Rule of Civil Procedure B in the amount of $790.500.00.  (Compl. ¶ 19

(explaining costs, fee calculations, interest rates, and damages).)

      Cofco now seeks to securitize its claims in the London Arbitration under Federal

Supplemental Rule E, the parallel attachment provision governing maritime attachment claims,

specifically seeking attachment of a total of $473,163.00 against Bertling Bulk.  (ECF No. 16.)

Bertling Bulk, while supportive of this Court's issuance of a countersecurity order in principle,

argues that the security amount should be reduced by $103,788.61 for a total of $358,531.36.

(ECF No. 22 ("Opp.") at 3, 6.

## II.  Legal Standard

      Federal Supplemental Rule of Civil Procedure E(7) provides:

> (7) SECURITY ON COUNTERCLAIM.
>
> > (a)     When a person who has given security for damages
> > in the original action asserts a counterclaim that arises from
> > the transaction or occurrence that is the subject of the
> > original action, a plaintiff for whose benefit the security has
> > been given must give security for damages demanded in the
> > counterclaim unless the court, for cause shown, directs
> > otherwise.  Proceedings on the original claim must be stayed
> > until this security is given, unless the court directs otherwise.

Fed. R. Civ. P. Supp. R. E(7).  "Although the Rule is mandatory in form, the 'unless' clause

gives the court 'broad discretion in deciding whether to order counter security.'"  *Voyager*

*Shipholding Corp. v. Hanjin Shipping Co*., 539 F. Supp. 2d 688, 691 (S.D.N.Y. 2008) (Lynch, J.)

(quoting *Result Shipping Co., Ltd. v. Feruzzi Trading USA, Inc.*, 56 F.3d 394, 399 (2d Cir. 1995)). But "[t]he Rule (E)(7) standard set forth by the Second Circuit . . . provides for a severely *limited* inquiry into the merits of the counterclaim." *Voyager*, 539 F. Supp. 2d at 61 (citation omitted) (emphasis original). Specifically, a court must "grant[] countersecurity when a defendant . . . asserts *non-frivolous* counterclaims . . . ." *Front Carriers Ltd. v. Transfield ER Cape Ltd.*, 2007 WL 4115992, at *2 (S.D.N.Y. Nov. 19, 2007) (Sullivan, J.).

## III.   Discussion

Bertling Bulk's partial opposition is premised on how it has priced the parties' respective claims in the London Arbitration. On its account, the figure Cofco requests is, in part, "frivolous" because Cofco has already "admitted in the London proceedings that the freight is owed and is an amount which has not been paid plaintiff" of $103,778.61. (Opp. at 4.) Put differently, Bertling Bulk's interpretation is that Cofco's valuation is based in part on a "frivolous counterclaim[ which] should not be given the presumption of validity" normally accorded. (Opp. at 4.) In order to defeat this opposition, Cofco must meet a minimal standard of non-frivolity. The Court concludes that Cofco has stated a non-frivolous counterclaim.

All components of Supplemental Rule E(7)(a) are satisfied. Bertling Bulk does not dispute that Cofco has "given security for damages in the original action" within the meaning of Supplemental Federal Rule E(7)(a). Giving security requires only attachment, not necessarily in rem jurisdiction. *Partenreederei Wallschiff v. THE PIONEER*, 120 F. Supp. 525, 528 – 29 (E.D. Mich. 1954) (holding that regardless of form of jurisdiction, attachment counts as giving security under federal maritime law). Likewise, it is undisputed that Cofco initiated counterclaims within the meaning of Rule E(7)(a) when it raised its claims against Plaintiff Bertling Bulk in the London Arbitration, and that these counterclaims arise from the same "transaction or

occurrence" as Bertling Bulk's "original action" does — a specific voyage of cargo on a ship pursuant to the Charter.

Bertling Bulk's sole argument is that a portion of Cofco's claimed attachment figure is so frivolous that the Court should depart from the normal course, wade into the merits, and reject it. According to Bertling Bulk, "Defendant has admitted in the London proceedings that the freight is owed and is an amount which has not been paid plaintiff" such that this "frivolous counterclaim should not be given the presumption of validity" normally accorded such a document.  (Opp. at 4.)  That is based on one paragraph in one of Cofco's filings:

> 45.  As to [Plaintiff's] paragraph 35:
>
>> (1)  It is admitted that freight of USD 103,788.61 would have been due, but Charterers are entitled to deduct such balance of freight the despatch earned by them under the Charterparty, which amounts to USD 135,383.47 and therefore exceeds Owners' claim for freight.

(ECF No. 23-1 ("London Reply Sub.") ¶ 45.)

Courts in this district have recognized that this situation calls for judicial restraint in wading into the merits and deference to the parties' valuations, "particularly . . . when th[ose] ultimate merits will be decided not by this Court, but by an arbitration panel in another country." *Voyager Shipholding Corp. v. Hanjin Shipping Co.*, 539 F. Supp. 2d 688, 691 (S.D.N.Y. 2008) (quoting *Finecom Shipping Ltd. v. Multi Trade Enters. AG*, 2005 WL 2838611, at *1 (S.D.N.Y. Oct. 25, 2005)).

Such restraint is merited here.  There is ample reasonable room to debate the meaning of this admission and any meaning's effect on the parties' respective legal rights in the London Arbitration.  The text cited by Bertling Bulk is a counterfactual conditional statement — that is, a promise to perform subject to an unmet condition precedent.  The Reply refers to amounts which "would have been due" by reference to condition precedent — this is at least, with limited

context, suggestive that this statement may have referred only to the amount Cofco would have owed had Bertling Bulk performed on its contractual obligations, conditions precedent to triggering Bertling Bulk's entitlement to an additional $103,788.61.

Bertling Bulk's arguments for diminishing the value of the countersecurity require wading deeply into the merits of the parties' dispute. This case presents precisely the kind of dispute in which it is inappropriate for the Court to wade into the merits and attempt to itself value the parties' claims, claims pending in an arbitration in another country. As then-District Judge Lynch has persuasively explained, "at the very preliminary stage of litigation," courts "should be reluctant to prejudge the merits of claims based essentially on the pleadings . . . in advance of any discovery . . . particularly [if] . . . the ultimate merits will be decided . . . by an arbitration in another country." *Voyager*, 539 F. Supp. 2d at 691 (citation omitted). To state one example of many unknowns, a rational valuation of the parties' relative claims would require familiarity with how English courts apply English procedural laws governing pleading and answering complaints.

The Court concludes that Cofco is entitled to counter-securitize its claims through attachment of $473,163.00 against Bertling Bulk.

## IV.    Conclusion

For the foregoing reasons, Defendant Cofco's motion for counter-security is GRANTED. Plaintiff Bertling Bulk shall post security in the amount of $473,163.00 within seven days of the date of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 16.

SO ORDERED.

Dated:  September 18, 2023
        New York, New York

J. PAUL OETKEN
United States District Judge